OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion for summary judgment granted and the complaint dismissed, with costs.
Defendant permitted plaintiff, Greg Macey, and two others entry onto his land to cut certain trees which had been marked for removal for plaintiff’s use in building a log cabin. The accident out of which this action arose occurred when a marked tree felled by Macey and his companions became entangled in a standing tree that was unmarked. After unsuccessful efforts to dislodge the marked tree, they decided to take down the unmarked one on which it was resting. When they cut the tree it struck plaintiff as it fell and caused serious injuries. Defendant was not present at the time; his sole involvement was in designating the particular area of his land for tree-cutting and, together with plaintiff and a forester from the Department of Environmental Conservation, in marking the trees for cutting by plaintiff.
A landowner owes a duty to another on his land to keep it in a reasonably safe condition, considering all of the circumstances including the purpose of the person’s presence and the likelihood of injury (see, Basso v Miller, 40 NY2d 233). Here, the injury resulted not from any unsafe condition defendant left uncorrected on his land, but as a direct result of the course plaintiff and his companions decided to pursue in attempting to dislodge the marked tree. Under these circumstances, the law imposed no duty on defendant as landowner to protect plaintiff from the unfortunate consequences of his own actions. Nor, in the absence of some showing that defendant’s conduct in designating an area of his land for cutting and in marking the trees was causally related to the accident, can he be held liable to plaintiff on the theory that his *920 conduct was negligent. We agree with the dissenters at the Appellate Division (126 AD2d 864, 866) that Schoonmaker v Ridge Runners Club 99 (119 AD2d 858, appeal dismissed 68 NY2d 807) is distinguishable. In Schoonmaker the individually-named defendants, unlike defendant here, participated with plaintiff in the tree-cutting activities which led to the accident. Hence, plaintiff in that case could show a causal nexus between his injuries and defendants’ actions.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, with costs, defendant’s motion for summary judgment granted and complaint dismissed in a memorandum. Certified question answered in the affirmative.