■ MICHAEL COLLINS, Appellant, v BRUCE PETROSKI, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Brown, J.), entered October 26, 1988 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

In early April 1986, defendant approached plaintiff, his neighbor, to borrow climbing spurs and other related equipment for the purpose of cutting limbs from trees on his property. Rather than lend such equipment to defendant, plaintiff offered to do the work himself, indicating that he had prior experience in using his equipment and, further, that on several occasions he had climbed to heights of 35 to 40 feet to trim his own trees using that equipment. On April 12, 1986, plaintiff, with defendant's permission, entered upon the latter's property and commenced the tree pruning. No consideration was requested by plaintiff and none was paid. Defendant assisted plaintiff merely by picking up fallen branches and by occasionally indicating which branches needed trimming. During the trimming, plaintiff fell from a height of approximately 20 feet, sustaining a broken left elbow and other injuries.

Plaintiff commenced this action to recover damages alleging that defendant was negligent in failing to warn and otherwise supervise an inherently dangerous activity. After issue was joined, defendant moved, *inter alia,* for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal by plaintiff ensued. We affirm.

While a landowner owes a duty to another on his land to keep it in a reasonably safe condition *(see, Basso v Miller,* 40 NY2d 233, 241), where, as here, the injury resulted not from any unsafe condition of defendant's land but as a direct result of plaintiff's use of his own equipment while engaged in an activity he volunteered to undertake, no liability of the landowner will result *(see, Macey v Truman,* 70 NY2d 918, 919). In the absence of some showing that defendant's conduct in designating several branches to be trimmed or cut was causally related to the accident, defendant cannot be held liable on the theory that his conduct was negligent *(see, supra,* at 919-920).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.