■ LINDA M. LICHTENTHAL et al., as Coexecutors of STANLEY J. FELDMAN, Deceased, Appellants, v ST. MARY'S CHURCH et al., Defendants, and SWORMVILLE FIRE COMPANY, INC., Respondent. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: In response to requests by Pastor Bohn, both from the pulpit and in the church bulletin, for volunteers to trim the trees on the grounds of St. Mary's Church in Swormville, plaintiffs' decedent, Stanley Feldman, and defendants Germain Krafft, Daniel Herberger, and Edward Spoth, among others, congregated on the church grounds on January 22, 1983. Herberger, who was an officer in the Swormville Fire Company, borrowed a fire truck containing equipment, including a 35-foot aluminum extension ladder, for use in the project. The church provided some tools and many of the other volunteers brought their own tools. Feldman brought his own chain saw. Pastor Bohn wanted a 25-to-30-foot limb trimmed. Ropes were tied to the limb and slung over a higher limb, then tied off to other trees. These ropes were manned by several persons, including defendant Spoth, whose job it was to keep these ropes taut as the limb was cut. The aluminum ladder was placed up against the tree, allegedly by defendant Herberger. Feldman climbed the ladder and defendant Krafft footed it. Feldman, positioned about 10 to 12 feet off the ground, cut the limb with his chain saw, but when it was cut through it swung out and hit the ladder upon which he was standing. The ladder, which was not secured in any way, fell, and Feldman was knocked to the ground. Spoth testified at an EBT that the rope he was holding remained taut even after the limb was cut.

Stanley Feldman commenced these actions, which were consolidated, seeking damages for the personal injuries he sustained, against, *inter alia,* Swormville Fire Company, St. Mary's Church, Gerald Leising, Germain Krafft, Daniel Herberger, and Edward Spoth. All defendants moved for summary judgment. The court granted all the motions except that of defendant Spoth. Feldman appeals the grant of summary judgment in favor of all defendants except Gerald Leising.

Defendant Spoth appealed the denial of summary judgment in his favor. Feldman died during the pendency of this action and the coexecutors of his estate have been substituted as plaintiffs.

Plaintiffs alleged that the individual defendants participating in the tree-trimming activities were negligent in that they failed to tie off and stabilize the limb adequately, failed to tie off the ladder, failed to warn him of the need for safety equipment, and failed to provide him with safety equipment. The court below dismissed the complaint against defendants Herberger and Krafft, but denied summary judgment to defendant Spoth, who was one of about 10 men holding the rope that was attached to the tree limb being cut. We conclude that Spoth was also entitled to summary judgment. As fellow volunteers, defendants owed no duty to warn decedent of dangers or to provide him with safety equipment or to devise a safer, better way of performing the task at hand *(see generally, Pulka v Edelman,* 40 NY2d 781, *rearg denied* 41 NY2d 901). At most, these volunteers owed each other a duty of reasonable care under the circumstances in the manner in which they performed their task. No evidence was presented to raise a question of fact concerning whether any of these defendants breached that duty. Krafft footed the ladder, but was unable to hold it after it was struck by the tree limb. Assuming the truth of the allegation that Herberger placed the ladder into position before decedent climbed it, there is no proof that the positioning of the ladder contributed in any way to this accident. Defendant Spoth, who was only one of a group of men holding the rope attached to the limb, testified that the rope remained taut even after the limb was cut. Therefore, the men holding the rope did what was expected of them. The fact that the entire plan might have been ill-conceived does not mean that any individual performed his assignment negligently.

In our view, summary judgment was properly granted to the fire company. Plaintiffs attempted to establish the liability of the fire company on two theories: vicarious liability for the acts of Herberger, who was assistant chief at the time of the accident, and direct liability for loaning a ladder for the tree-trimming project without providing instructions in its use and adequate safety devices or warnings. The submissions of the fire company in support of its motion for summary judgment demonstrate that Herberger was not acting in his official capacity as a fire department officer when the accident occurred, but in his individual capacity as a parishioner. Conse-

quently, the fire company is not vicariously liable for his actions during the tree-trimming episode.

Plaintiffs argue that when the fire company loaned a ladder for the project, a gratuitous bailment was created. Assuming that this is true, the fire company's duty was to warn the potential users of any hazards or dangers of which it had actual knowledge that were not obvious or readily discernable (see, Ruggiero v Braun & Sons, 141 AD2d 528, 529, lv denied 73 NY2d 707; Sofia v Carlucci, 122 AD2d 263; Daoust v Palmenteri, 109 AD2d 774, 775). Here, it was undisputed that the ladder had no defects, and that any dangers associated with the use of a ladder are obvious and readily discernable. Consequently, there can be no claim against the fire company for failure to warn or failure to provide safety equipment.

We conclude, however, that summary judgment was improperly granted to St. Mary's Church. As a landowner, St. Mary's Church owed a duty of reasonable care under the circumstances to prevent foreseeable injury to decedent (see, Basso v Miller, 40 NY2d 233, 241; see also, Akins v Glens Falls City School Dist., 53 NY2d 325, rearg denied 54 NY2d 831). Here, defendant church, through its pastor, solicited its parishioners to turn out for a work detail to trim trees, a potentially dangerous activity (see, Schoonmaker v Ridge Runners Club 99, 119 AD2d 858, 860, appeal dismissed 68 NY2d 807). It is undisputed that in response to Pastor Bohn's pleas for volunteers, up to 75 men participated in this work detail. The church provided some equipment and a few bottles of "altar wine" for refreshment. Pastor Bohn testified at an EBT that he was present during all the activity, that he definitely wanted this particular limb trimmed, and he "may have" suggested that ropes be used to secure the limb. No safety devices were provided, nor was professional supervision provided. An accident of the kind herein could be found to be foreseeable under such circumstances (cf., Collins v Petroski, 155 AD2d 799). Although defendant church argues that decedent assumed the risk of his injuries, this issue likewise presents a question of fact and cannot be decided on this record as a matter of law (see, Arbegast v Board of Educ., 65 NY2d 161). (Appeal from order of Supreme Court, Erie County, Mintz, J.—summary judgment.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.