■ LINDA M. LICHTENTHAL et al., as Coexecutors of STANLEY J. FELDMAN, Deceased, Respondents, v ST. MARY'S CHURCH et al., Defendants, and EDWARD M. SPOTH, Appellant. (Appeal

No. 3.)—Order reversed on the law without costs and motion granted. Same memorandum as in *Lichtenthal v St. Mary's Church* ([appeal No. 2] 166 AD2d 873 [decided herewith]).

All concur, except Balio and Lawton, JJ., who dissent and vote to affirm, in the following memorandum.

Balio and Lawton, JJ. (dissenting). We must dissent in part. Defendants St. Mary's Church, Krafft, Herberger and Spoth have failed to meet their burden to eliminate any material issues of fact and establish as a matter of law their entitlement to summary judgment *(see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). In support of their motions defendants have submitted their own version of events and bare conclusory allegations that they acted with reasonable care. This is insufficient to entitle defendants to summary judgment *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Further, it is only in the rarest of negligence cases that summary judgment is appropriate *(see, Andre v Pomeroy,* 35 NY2d 361, 364). Here, even assuming that the facts are as presented by defendants, a question of fact still exists whether defendants' various actions in removing this tree limb, which resulted in decedent's injuries, were reasonable under the circumstances *(see, Andre v Pomeroy, supra).*

Additionally, assuming arguendo that the majority is correct in granting summary judgment to the individual defendants, we find no basis to support the majority's denial of St. Mary's motion for summary judgment. By granting summary judgment to the individual defendants, the majority holds as a matter of law that they did not act negligently in removing the tree limb that struck and injured decedent. If none of the participants in the tree cutting was negligent, St. Mary's Church, the landowner on whose property the tree was cut, cannot be held liable. The mere fact that an individual is injured when cutting a tree does not make a landowner liable *(see, Macey v Truman,* 70 NY2d 918; *Collins v Petroski,* 155 AD2d 799). Indeed, in *Macey (supra)* the court reversed the Appellate Division and granted summary judgment to the landowner, despite the fact that the landowner had designated the area to be cut and marked the trees. The court in *Macey (supra)* concluded that there was no causal nexus between these acts and decedent's injury that had resulted from the method used in cutting down the tree. Here, no causal nexus is shown between the acts of Pastor Bohn and the injury to support a cause of action. The mere fact that Pastor Bohn "may have" suggested that the limb be secured with a rope before it was removed cannot form a sufficient causal nexus to

support a cause of action because the majority holds that the other defendants were not negligent as a matter of law in so securing the limb *(see, Macey v Truman, supra,* at 920). (Appeal from order of Supreme Court, Erie County, Mintz, J.—summary judgment.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.