■ DOMINICK BARTOLOMEO, Appellant, v EVANGEL CHURCH OF GOD, Also Known as LINDENHURST CHURCH OF GOD, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.) entered June 26, 1989, which, upon a trial ruling precluding the plaintiff from introducing certain evidence, and a finding that without that evidence, the plaintiff would be unable to make out a prima facie case, is in favor of the defendant dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, and a new trial is granted.

The plaintiff was injured when he fell from the defendant's roof while engaged in volunteer repair work. He contended that he had a cause of action sounding in common-law negligence based upon the absence of safety devices. The trial court disagreed, precluded the introduction of such evidence, and, when the plaintiff admitted he could not make out a prima facie case of negligence without such proof, dismissed the complaint. We reverse.

The trial court erroneously applied a principle which is no longer the law, namely that a volunteer lawfully on premises may only recover in cases of "gross negligence, wilfulness or wantonness" *(Cann v Dening,* 216 NYS2d 164, 165). The present standard of care owed by a landowner to someone lawfully on his premises consists of a "single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability" *(Basso v Miller,* 40 NY2d 233, 241; *see, Lichtenthal v St. Mary's Church,* 166 AD2d 873).

A jury could infer that repairing a pitched roof is a dangerous activity, and that the plaintiff's fall was foreseeable. Evidence of the necessity for and absence of safety devices would indeed be appropriate and pertinent to the issue of whether the defendant satisfied its duty of reasonable care to prevent foreseeable injury to the plaintiff. Therefore, it was error to preclude the plaintiff from introducing such evidence. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.