■ MICHAEL FARLEY, Respondent, v JAMES SMITH, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant James Smith appeals from so much of an order of the Supreme Court, Suffolk County (Brown, J.), dated September 22, 1989, as denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is against the defendant James Smith, and the action against the remaining defendant is severed.

On October 23, 1983, the plaintiff Michael Farley was injured when he fell from a ladder while removing a limb from a tree located on the property of his brother-in-law, the appellant James Smith. The plaintiff had volunteered to remove the tree limb which was situated about 20 feet above the ground. He alleged that he had taken the ladder from the property of the defendant Sotirios Panagos allegedly at Smith's suggestion and upon Smith's assurance that Panagos had granted permission for his ladder to be used for this purpose. Smith was not present on his premises at the time of these events. Smith denied telling the plaintiff that he was permitted to use Panagos's ladder. Panagos also asserted that the plaintiff's use of his ladder was unauthorized.

The plaintiff commenced this action against Smith and Panagos to recover damages for personal injuries he sustained alleging, *inter alia,* that the defendants were negligent in providing him with defective equipment, in failing to provide safety equipment, and in failing to supervise an inherently dangerous activity. Smith moved and Panagos cross-moved for summary judgment. The Supreme Court denied both the motion and the cross motion. Smith now appeals from so much of the order as was adverse to him.

As a landowner, Smith owed a duty of care to those entering upon his property to keep it in a reasonably safe condition under the circumstances *(see, Basso v Miller,* 40 NY2d 233, 241; *see also, Macey v Truman,* 70 NY2d 918, 919; *Akins v Glens Falls City School Dist.,* 53 NY2d 325, 329). However, liability will not be found where the injury did not result from any unsafe condition that the landowner left uncorrected on his land *(see, Macey v Truman, supra),* but rather was a direct result of the use of equipment not owned by the landowner while engaged in an activity for which the injured plaintiff volunteered *(see, Collins v Petroski,* 155 AD2d 799). Accordingly, the court should have granted Smith's motion for summary judgment. Contrary to the plaintiff's contention, we do not find the ruling in the case of *Macey v Truman (supra)* inapplicable to the facts of the instant case. As in *Macey,* the record here fails to demonstrate any causal connection between the plaintiff's injuries and Smith's actions *(cf., Schoonmaker v Ridge Runners Club 99,* 119 AD2d 858).

We further note that we have not considered the brief filed by the defendant Panagos since his appeal was dismissed,

upon the plaintiff's motion, by order of this court dated June 12, 1990. Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.