■ MARGARET CHRISTMANN et al., Respondents, v CAROL MURPHY, Appellant. [642 NYS2d 123] —Order unanimously re-

versed on the law without costs, motion granted and complaint dismissed. Memorandum: Margaret Christmann (plaintiff) sustained injuries when she fell from a stepladder while picking cherries for purchase at Murphy's Orchards, a fruit farm owned by defendant. Plaintiff fell from the second step below the top cap of the stepladder that was supplied by defendant. Plaintiff testified at her deposition that she was aware of the risks involved in climbing to that step because there is "[n]o support and no way to balance yourself".

Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant landowner owed a duty to plaintiff and other persons coming on her land to keep it in a reasonably safe condition, considering all the circumstances, including the purpose of the person's presence on the land and the likelihood of injury (*see, Macey v Truman*, 70 NY2d 918, 919, *mot to amend remittitur granted* 71 NY2d 949, citing *Basso v Miller*, 40 NY2d 233; *Henderson v L & K Collision Corp.*, 146 AD2d 569, 571). That duty extends, however, "only to those conditions that are not readily observable; the landowner owes no duty to warn of conditions that are in plain view, easily discoverable 'by those employing the reasonable use of their senses' (*Tarricone v State of New York*, 175 AD2d 308, 309, *lv denied* 78 NY2d 862), for in such instances the condition is a warning in itself" (*Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071, 1072-1073). Where, as here, it is undisputed that the stepladder was not defective and that the dangers associated with its use were obvious and readily apparent, there can be no liability on defendant's part for the failure to warn of those dangers or to provide instructions regarding the stepladder's use (*see, Lichtenthal v St. Mary's Church*, 166 AD2d 873, 875). Under the circumstances of this case, defendant had no duty "to protect plaintiff from the unfortunate consequences of [her] own actions" (*Macey v Truman, supra*, at 919).

Further, there has been no showing that defendant's conduct in providing the stepladder for plaintiff's use was causally related to the accident. Thus, defendant cannot be held liable to plaintiff on the theory that her conduct constituted negligence. In view of our determination, we do not address the remaining contentions of the parties. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Balio and Davis, JJ.