■ CLIFFORD RAAB, Respondent, v MAURICE LABOZ et al., Appellants. [641 NYS2d 400] —In an action to recover damages for personal injuries, (1) the defendant Neptune Boat Service, Inc. appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated January 5, 1995, as denied its cross motion to dismiss the complaint and cross claim insofar as it is asserted against it, and (2) the defendant Maurice Laboz separately appeals, as limited by his brief, from so much of the same order as denied his motion to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is reversed insofar as appealed from by the defendant Neptune Boat Service, Inc., on the law, without costs or disbursements, the cross motion is granted, and the complaint and cross claim are dismissed insofar as they are asserted against the defendant Neptune Boat Service, Inc.; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Maurice Laboz, without costs or disbursements.

The plaintiff was a passenger on a yacht owned by the defendant Laboz, which was docked at a facility owned and operated by the defendant Neptune Boat Service, Inc. He allegedly sustained injury when, after disembarking from the yacht to a platform situated on the dock, he attempted to help another passenger disembark from the yacht and the other passenger collided with him while doing so. The Supreme Court denied the defendants' respective motions for summary judgment, and these appeals ensued.

The motion of Laboz for summary judgment was properly denied inasmuch as issues of fact exist regarding whether he breached his duty of care to his passengers by failing to provide

them with a safe means of disembarking from the yacht and, if so, whether that breach proximately caused the plaintiff's injuries (*see generally, Zuckerman v City of New York,* 49 NY2d 557).

However, the defendant Neptune Boat Service, Inc. (hereinafter Neptune) is entitled to summary judgment. Under the circumstances of this case, Neptune, unlike Laboz, did not have a duty to provide for the safe ingress and egress of passengers to and from the yacht. Moreover, the plaintiff failed to present any evidence demonstrating that Neptune breached its duty of care as the owner of the premises, since there is no proof that Neptune erected, maintained, or supervised the use of the platform, or that the platform itself was improperly constructed, in disrepair, or in any manner defective. Accordingly, the complaint and cross claim are dismissed as against Neptune (*see generally, Macey v Truman,* 70 NY2d 918; *Farley v Smith,* 172 AD2d 800). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.