■ J. Rosen Furs, Inc., et al., Respondents, v Sigma Plumbing & Heating Corp., Respondent, and Gladys Gherardi, Ap-

pellant. [670 NYS2d 596] —In an action to recover damages for injury to property, the defendant Gladys Gherardi appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated February 20, 1997, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On October 22, 1991, a water damage loss occurred at premises located at 180-18 Union Turnpike in Queens County. The appellant Gladys Gherardi owned the property and the plaintiffs were tenants therein. The plaintiffs contend that through a series of events, including a clogged main sewer drain, they sustained damages to fur coats stored in a basement vault of the leased premises.

The plaintiffs commenced this action against landlord Gherardi and the defendant Sigma Plumbing & Heating Corp., a plumbing company hired to do repairs to plumbing at the leased premises. The plaintiffs assert that the roof, gutter, and main sewer line and drains are public areas for which the landlord is responsible pursuant to the terms of the lease. The landlord moved for summary judgment, contending that it was the tenants' responsibility to take care of the leasehold plumbing, that the plaintiffs hired the plumbing company, and that she had nothing to do with the flooding which occurred.

To establish a prima facie case of negligence, the plaintiffs must demonstrate (1) that the defendant owed them a duty of reasonable care, (2) a breach of that duty, and (3) a resulting injury proximately caused by the breach (*see, Solomon v City of New York*, 66 NY2d 1026; *Farrar v Teicholz*, 173 AD2d 674). An owner of realty owes a duty to maintain the property in a reasonably safe condition (*see, Macey v Truman*, 70 NY2d 918, 919; *Basso v Miller*, 40 NY2d 233, 241). Contrary to the landlord's contention, we conclude that the evidence, when viewed in the light most favorable to the party opposing the motion for summary judgment (*see, Negri v Stop & Shop*, 65 NY2d 625) demonstrates an issue of fact as to whether the landlord's alleged failure to properly maintain the roof, gutter, and main sewer line and drains contributed to the flooding of the leased premises. Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.