■ HENRY PRAIRIE et al., Appellants, v SACANDAGA BIBLE CONFERENCE CAMP, Respondent. [676 NYS2d 352] —Mercure, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered June 23, 1997 in Fulton County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Henry Prairie (hereinafter plaintiff) sustained the injuries forming the basis for this negligence action in an October 13, 1990 accident when he fell from a ladder on defendant's property on Sacandaga Lake in Fulton County. The evidence adduced on defendant's summary judgment motion indicates that at the time of his injuries plaintiff was a participant in the scheduled volunteer fall cleanup at defendant's camp. Plaintiff testified at an examination before trial that he approached defendant's executive director, Joel Bibey, and asked what work needed to be done. Bibey responded that plaintiff could assist with work that was being performed in the area of two camp buildings, Jay Lodge and Little Acorn, where other volunteers were removing pine needles and leaves from the roofs. Upon walking over to the indicated area, plaintiff found no one present but saw a ladder leaning against Little Acorn, a one-story cabin. Although plaintiff had little prior experience with ladders, performed no inspection to see if the ladder was structurally sound or firmly positioned on the ground (which was uneven) or the building (the ladder was placed against a slippery metal "snow slide" roof edge) and had no one present to hold the ladder or otherwise assist him, plaintiff decided to climb the ladder in order to have a look at

the roof to see what needed to be done. According to plaintiff, he had climbed the ladder to a height of seven or eight feet, had his hands and forearms on the cabin's roof and was preparing to pull himself onto the roof when it suddenly began to rain and hail very hard. At that point, plaintiff attempted to descend, but the ladder turned sideways and flipped out from under him, causing him to fall to the ground.

At his examination before trial, Bibey identified the ladder used by plaintiff as the base portion of a two-part extension ladder that had been donated to defendant several years prior to the accident. Bibey testified that he did not place the ladder against Little Acorn or otherwise make it available for use on that day and that he had never observed the ladder in its then condition (i.e., with the base portion separated from the top portion and one of its pivoting foot pads absent). Plaintiffs submitted an affidavit of their engineering expert confirming that plaintiff used only one part of a two-part ladder, which the expert opined was an improper use, especially in view of the fact that the ground was sloped and the ladder was positioned on the roof's slippery metal snow slide. According to the expert, "[t]he ladder should have been tied off or held fast by either rope or by another individual or individuals [and] [t]here should have been at least one other person present to hold the ladder steady while [plaintiff] was on it".

Based on the foregoing evidence, we conclude that Supreme Court did not err in its grant of summary judgment in favor of defendant. Fundamentally, a landowner is not an insurer of the safety of those present on his or her property and no liability will be imposed for an injury resulting not from any condition present on the land but from the manner in which the injured party engaged in a voluntary activity over which the landowner exercised no supervision or control (*see, Jarvis v Eastman*, 202 AD2d 826, 827; *see also, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315; *Lionarons v General Elec. Co.*, 215 AD2d 851, *affd* 86 NY2d 832). In this case, aside from its ownership of the land, defendant's sole involvement was to make plaintiff aware of the various tasks that could be performed in connection with fall cleanup day. Defendant did not direct or even suggest that plaintiff use a ladder in his work and did not provide him with the ladder that he was using at the time of his fall. In addition, plaintiffs' own expert assigns primary fault for the accident on the placement of the ladder and the failure to properly secure it, both circumstances wholly within plaintiff's control. A ladder is a "simple appliance" (*Dougherty v Weeks & Son*, 126 App Div 786, 790) and in

cases such as this where the dangers associated with its use are obvious and readily apparent, there can be no liability on defendant's part for failing "to protect plaintiff from the unfortunate consequences of his own actions" (*Macey v Truman*, 70 NY2d 918, 919, *amended* 71 NY2d 949; *see, Christmann v Murphy*, 226 AD2d 1069, *lv denied* 89 NY2d 801).

In view of the foregoing, we need not consider defendant's alternative basis for affirmance of Supreme Court's order.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.