■ TERESA SHERIDAN, Respondent, v ANTHONY GRIGOS et al., Appellants. [715 NYS2d 448] —In an action to recover dam-

ages for personal injuries, the defendants appeal from an interlocutory judgment of the Supreme Court, Suffolk County (D'Emilio, J.), entered March 8, 2000, which, upon a jury verdict finding them 75% at fault in the happening of the accident and the plaintiff 25% at fault, and upon the denial of their motion pursuant to CPLR 4401 for judgment in their favor as a matter of law, made at the close of the plaintiff's case, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

"A landowner owes a duty to another on his land to keep it in a reasonably safe condition, considering all of the circumstances including the purpose of the person's presence and the likelihood of injury" (*Macey v Truman,* 70 NY2d 918, 919, amended 71 NY2d 949; *see, Basso v Miller,* 40 NY2d 233). To hold a defendant liable for damages, a plaintiff must prove that the defendant either created or had actual or constructive notice of the dangerous condition (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969; *Pianforini v Kelties Bum Steer,* 258 AD2d 634).

Contrary to the defendants' contention, there was sufficient evidence elicited at trial from which the jury could find that they were responsible for creating the hazardous condition on the premises. Accordingly, the trial court properly denied the defendants' motion to dismiss made at the end of the plaintiff's case as there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury (*see, Campbell v City of Elmira,* 84 NY2d 505, 509; *Nicastro v Park,* 113 AD2d 129, 132). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.