■ KENNETH SMITH et al., Respondents, v PAUL K. TAYLOR, Appellant. [719 NYS2d 686] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated June 19, 2000, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff, Kenneth Smith (hereinafter the plaintiff), voluntarily agreed to help the defendant's son remove a tree from the defendant's property. The plaintiff brought his

own ladder and chainsaw to the defendant's property. The plaintiff climbed his ladder and proceeded to cut a branch that he determined should be removed to provide space for him. The branch fell to the ground, hit the base of the ladder, and the plaintiff fell off the ladder.

A landowner owes a duty to another on his land to keep it in a reasonably safe condition (see, Basso v Miller, 40 NY2d 233, 241). However, where, as here, the injury resulted not from any unsafe condition of the defendant's land but as a direct result of the plaintiff's use of his own equipment while engaged in an activity he volunteered to undertake, the landowner is not liable (see, Macey v Truman, 70 NY2d 918, 919; Collins v Petroski, 155 AD2d 799). Under these circumstances, "the law imposed no duty on defendant as landowner to protect plaintiff from the unfortunate consequences of his own actions" (Macey v Truman, supra, at 919).

The plaintiff's affidavit submitted in opposition to the motion stated that the defendant told him which branches to cut. However, this was designed to avoid the consequences of his earlier deposition testimony where he stated that he determined to cut the branch that caused the accident. Therefore, the affidavit was insufficient to raise a triable issue of fact as to the defendant's negligence (see, Bloom v La Femme Fatale, 273 AD2d 187). Bracken, Acting P. J., Santucci, Altman and Florio, JJ., concur.