■ CAROL L. MATTES et al., Respondents, v RACHEL JOSEPH, Appellant, and EDWARD JOSEPH, Respondent. [723 NYS2d 217] —In an action to recover damages for wrongful death and the negligent infliction of emotional distress, the defendant Rachel Joseph appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated July 27, 1999, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the appellant.

During a storm in 1995, a tree fell on property owned by the appellant, Rachel Joseph. Unable to afford to hire a professional, she asked the decedent, her son-in-law, and the defendant Edward Joseph, her son, to remove the tree. During the

removal of the tree, the plaintiffs' decedent was killed. The appellant was not at home at the time of the accident and did not supply any of the equipment used in the tree removal process. The plaintiffs thereafter commenced this action against, among others, the appellant, alleging common-law negligence and violations of Labor Law §§ 200 and 240. The plaintiffs also sought to recover damages for the negligent infliction of emotional distress on the ground that the decedent's children witnessed his death. The appellant moved, *inter alia*, for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The Supreme Court denied the motion. We reverse.

The decedent's injuries were not caused by any unsafe condition that the appellant left uncorrected on her property, but rather were a direct result of the voluntary actions he and Edward Joseph undertook to remove the tree, using their own equipment. Accordingly, the law imposed no duty on the appellant to protect the decedent from the unfortunate consequences of his own actions (*see, Macey v Truman,* 70 NY2d 918; *Farley v Smith,* 172 AD2d 800; *Collins v Petroski,* 155 AD2d 799; *see also, Blais v Balzer,* 175 AD2d 385). In opposition to the appellant's prima facie case for judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that any act or omission by the appellant was causally related to the accident making her liable to the plaintiffs based on negligence (*see, Macey v Truman, supra; Farley v Smith, supra; Collins v Petroski, supra*), or that Labor Law §§ 200 or 240 were applicable (*see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573; *Oraa v McKennell,* 261 AD2d 461; *Young v Barden & Robeson Corp.,* 247 AD2d 755). Based on our determination, the plaintiffs' causes of action to recover damages for the negligent infliction of emotional distress must also be dismissed (*see, Bovsun v Sanperi,* 61 NY2d 219). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.