■ Carol L. Mattes et al., Appellants, v Rachel Joseph, Defendant, and Edward Joseph, Respondent. [723 NYS2d 218] —In an action, *inter alia*, to recover damages for wrongful death, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (D'Emilio, J.), entered December 1, 1999, which, upon the granting of the motion of the defendant Edward Joseph for summary judgment dismissing the complaint insofar as asserted against him, dismissed the complaint insofar as asserted against him.

Ordered that the judgment is affirmed, with costs.

The respondent Edward Joseph, and the plaintiffs' decedent,

James Mattes, agreed to remove a fallen tree from the property of the defendant Rachel Joseph. Edward Joseph was Rachel's son and James Mattes was her son-in-law. During the tree removal process James Mattes was killed. The plaintiffs thereafter commenced this action, among other things, to recover damages arising from negligence. The Supreme Court granted Edward Joseph's motion, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against him, and by judgment entered December 1, 1999, the Supreme Court dismissed the complaint against him. We affirm.

In opposition to Edward Joseph's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that Edward Joseph was negligent, or that any alleged negligence was a proximate cause of the decedent's death (*see, Macey v Truman,* 70 NY2d 918; *Pulka v Edelman,* 40 NY2d 781; *Farley v Smith,* 172 AD2d 800; *Lichtenthal v St. Mary's Church,* 166 AD2d 873). Indeed, as a mere fellow volunteer in the tree removal operation, Edward Joseph owed no duty to the decedent to warn him of the dangers involved, to provide him with safety equipment, or to devise a safer, better way of performing the task (*see, Lichtenthal v St. Mary's Church, supra,* at 874). Thus, the complaint was properly dismissed insofar as asserted against Edward Joseph. Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.