CHARLES R. TOLAS et al., Appellants, v PATRICK FIUMANO et al., Respondents. [738 NYS2d 864] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Ponterio, J.), dated December 12, 2000, which, upon a jury verdict on the issue of liability finding the injured plaintiff 70% at fault in the happening of the accident and the defendants 30% at fault, granted the defendants' motion pursuant to CPLR 4404 to set aside the verdict on the ground that it was not supported by legally sufficient evidence and to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the complaint and the verdict are reinstated, and the matter is remitted to the Supreme Court, Richmond County, for a trial on the issue of damages.

A jury verdict will be set aside as legally insufficient only if there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). In this case, there is sufficient evidence to support the jury's determination that the defendants created the hazardous condition which proximately caused the accident (*see, Bermeo v Rejai,* 282 AD2d 700; *Sheridan v Grigos,* 277 AD2d 217). Accordingly, the Supreme Court erred in granting

the defendants' motion to set aside the verdict and to dismiss the complaint (*see, Roca v Gerardi,* 243 AD2d 616; *Higbie Constr. v IPI Indus.,* 159 AD2d 558). Smith, J.P., Goldstein, McGinity and H. Miller, JJ., concur.