■ GRANT CAPTANIAN, Appellant, v ANGELA SCHRAMM, Defendant and Third-Party Plaintiff-Respondent. EUGENE DELAKIS, Third-Party Defendant-Respondent. [823 NYS2d 217]—

In an action to recover damages for personal injuries, the plaintiff appeals from two judgments of the Supreme Court, Queens County (Schulman, J.), entered September 8, 2005, and September 27, 2005, respectively, which, after a jury trial, and upon the granting of the respective motions of the defendant and third-party plaintiff and the third-party defendant pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint and, in effect, dismissing the complaint and the third-party complaint, respectively, inter alia, dismissed the complaint and the third-party complaint.

Ordered that the judgments are affirmed, with one bill of costs.

The plaintiff helped the defendant and the third-party defendant remove a large limb from a tree on the defendant's premises. After a small section of the limb was removed, the plaintiff partially severed the remaining segment with a chainsaw. Each of the parties then threw a rope across the limb and, in unison, attempted to pull it down. However, in order to acquire additional leverage, the plaintiff wrapped the rope that he was using around his waist. When the approximately 24-foot long and 2-foot thick limb broke and plummeted to the ground,

the plaintiff was propelled upward and was struck twice by the descending limb.

The plaintiff's injuries were not caused by an unsafe condition on the defendant's property, but rather were a direct result of the voluntary actions he undertook to remove the limb (*see Mattes v Joseph*, 282 AD2d 506 [2001]). "Under these circumstances, the law imposed no duty on defendant as landowner to protect plaintiff from the unfortunate consequences of his own actions" (*Macey v Truman*, 70 NY2d 918, 919 [1987]).

Accordingly, the Supreme Court properly granted the respective motions of the defendant and third-party defendant made at the close of the plaintiff's case pursuant to CPLR 4401 for judgment as a matter of law. Viewing the evidence in the light most favorable to the plaintiff, there was no rational process by which the jury could have found in his favor (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Friedman v Stauber*, 18 AD3d 606, 607 [2005]; *Plass v Solotoff*, 5 AD3d 365, 367 [2004]; *Raciti v City of Yonkers*, 307 AD2d 309 [2003]). Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.