■ Declan D. Baggott, Appellant, v Lorraine A. Corcoran, Respondent. [850 NYS2d 780]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered January 16, 2007 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from a stepladder while installing a television antenna on the roof of defendant's house. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. At the time of his accident, plaintiff was living in defendant's house temporarily and had agreed to perform various tasks around the house, including the installation of the

antenna. Defendant testified at her deposition that plaintiff had successfully descended the ladder at least twice prior to his fall, and that she held the ladder and guided plaintiff's foot onto the ladder during one of those descents. Because the accident was the direct result of plaintiff's voluntary activities on the property, defendant may not be held liable as a landowner for plaintiff's injuries (*see Macey v Truman*, 70 NY2d 918, 919 [1987], *mot to amend remittitur granted* 71 NY2d 949 [1988]; *Prairie v Sacandaga Bible Conference Camp*, 252 AD2d 940, 941 [1998], *lv denied* 92 NY2d 816 [1998]; *Jarvis v Eastman*, 202 AD2d 826, 827 [1994]).

We further conclude that defendant established as a matter of law that she had no duty to warn plaintiff of the ladder's alleged defects. Defendant submitted evidence establishing that the ladder was not defective and that she frequently used it without any problem, and plaintiff failed to raise an issue of fact whether defendant had actual or constructive notice of any defective condition. Although plaintiff testified at his deposition that he noticed the ladder shaking before he fell, it is well established that defendant had no duty to warn him of obvious conditions (*see Cramer v County of Erie*, 23 AD3d 1145 [2005]; *Christmann v Murphy*, 226 AD2d 1069, 1070 [1996], *lv denied* 89 NY2d 801 [1996]). Further, plaintiff failed to raise an issue of fact with respect to causation inasmuch as the expert affidavit submitted by plaintiff failed to describe how the ladder's alleged defects caused the accident (*see Olivetto v Salevitz*, 8 AD3d 645, 646 [2004]).

In light of our determination, we need not reach plaintiff's remaining contention. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.