MICHAEL P. MARINO et al., Appellants, v FRED BINGLER et al., Respondents. [874 NYS2d 542]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Alessandro, J.), dated December 19, 2007, which granted the motion of the defendants Fred Bingler and Jill Bingler, as parents and legal guardians of Frank Bingler, and the separate motion of the defendants Timothy Peloso and Sharon Peloso, individually and as parents and legal guardians of Brittany Peloso, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting the motion of the defendants Fred Bingler and Jill Bingler, as parents and legal guardians of Frank Bingler, for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs payable by the defendants Fred Bingler and Jill Bingler to the plaintiffs, and one bill of costs payable by the plaintiffs to the defendants Timothy Peloso and Sharon Peloso.

The plaintiff Michael P. Marino brought this action individually and on behalf of his daughter, the infant Nicole M. Marino (hereinafter together the plaintiffs). Nicole was injured when she was struck in the eye by a paintball fired by Frank "Robbie" Bingler (hereinafter Robbie), the son of the defendants Fred Bingler and Jill Bingler. The incident occurred in a field located on the property of the defendants Timothy Peloso and Sharon Peloso. The plaintiffs alleged that Nicole's injury was caused by the negligent and reckless conduct of Robbie, and the negligence of the Pelosos in permitting a dangerous condition to exist and allowing the use of a dangerous instrumentality on their property. The defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them were granted by the Supreme Court. We modify.

It is undisputed that Nicole fired at least one paintball at Robbie's buttocks while he was urinating, apparently as a joke or prank. There was deposition testimony from several participants that there was a cessation of all paintball activity for up to 10 minutes between the time that Nicole shot Robbie and when the injurious shot was fired. According to Nicole, she was standing in the field with her mask off when she was unexpectedly struck by a number of paintballs fired by Robbie. In contrast, Robbie testified that everyone had put on their masks, and as he was walking into the woods, Nicole began firing upon him, at which time he returned fire, striking Nicole in the eye.

On the issue of primary assumption of risk, the Binglers established, prima facie, their entitlement to judgment as a matter of law by showing that Nicole was aware of and appreciated the risks of injury involved in paintball (*see Cook v Komorowski,* 300 AD2d 1040, 1041 [2002]; *see also Morgan v State of New York,* 90 NY2d 471 [1997]). However, the plaintiffs raised a triable issue of fact regarding whether play had commenced when the injury occurred. A sports participant does not assume the risks inherent in that sport before play has begun (*see Hawkes v Catatonk Golf Club,* 288 AD2d 528, 529 [2001]; *Vogel v Venetz,* 278 AD2d 489 [2000]). However, the game need not have formally commenced to find that a participant as-

sumed the risk (see O'Neill v Daniels, 135 AD2d 1076 [1987]). Here, the Supreme Court incorrectly determined, as a matter of law, that Nicole initiated play by firing the first shot. The participants' accounts differed as to events that transpired between the time that Nicole fired a shot at Robbie's buttocks and the time she was injured; however, both Nicole and Robbie testified at their depositions that the players gathered and talked for several minutes or more after this initial shot was fired. As to when Nicole was struck in the eye, there was conflicting testimony about whether the game had started, whether Nicole had put on her mask to begin play, and whether Nicole had been exchanging fire with Robbie at the time she was injured. Under such circumstances, the Supreme Court should have denied the Binglers' motion for summary judgment dismissing the complaint insofar as asserted against them.

However, the Supreme Court properly awarded summary judgment to the Pelosos. Where an injury results "not from any unsafe condition defendant left uncorrected on his [or her] land, but as a direct result of the course plaintiff and his companions decided to pursue . . . the law impose[s] no duty on defendant as landowner to protect plaintiff from the unfortunate consequences of his [or her] own actions" (Macey v Truman, 70 NY2d 918, 919 [1987]). The Pelosos established their entitlement to judgment as a matter of law by demonstrating that the injury did not result from a physical defect of their property, and they neither provided any of the paintball equipment, nor exercised any control or supervision over the paintball game (see Jarvis v Eastman, 202 AD2d 826 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact (id.).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.