■ THOMAS POOLE, Appellant, v JANE OGIEJKO, Respondent, et al., Defendant. [880 NYS2d 123]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated October 7, 2008, which granted the motion of the defendant Jane Ogiejko for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff was injured when a Bobcat "Skid-Steer" loader operated by the defendant Charles Coperhaver drove over his foot. At the time of the accident, the plaintiff was assisting Coperhaver in removing bushes outside of a residence owned by the defendant Jane Ogiejko. The plaintiff and Coperhaver, who lived at the residence, volunteered to remove the bushes for Ogiejko. Coperhaver borrowed the loader from his cousin. Ogiejko was not present when the work was being performed, and was at her job when the accident occurred. All parties testified at their depositions that Ogiejko neither directed how the work was to be performed, nor supervised any part of the work.

A landowner has a duty to keep his or her land in a reasonably safe condition (*see Sheridan v Grigos*, 277 AD2d 217, 218 [2000]). Here, the injuries were not caused by an unsafe condition on the property, but were rather a direct result of the voluntary actions that the plaintiff undertook to remove the bushes (*see Captanian v Schramm*, 33 AD3d 834 [2006]). The law

imposed no duty upon Ogiejko to protect the plaintiff from the unfortunate consequences of his actions (*see Mattes v Joseph*, 282 AD2d 506 [2001]).

Contrary to the plaintiff's contentions, Coperhaver was not acting as an agent of Ogiejko, as the testimony of all the parties established that Ogiejko did not supervise or control the work performed (*see Fils-Aime v Ryder TRS, Inc.*, 40 AD3d 917, 918 [2007]). Ogiejko thus met her burden of establishing her entitlement to judgment as a matter of law. In opposition to Ogiejko's showing in this regard, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, Ogiejko was properly awarded summary judgment dismissing the complaint insofar as asserted against her. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur.