■ ELPIDA STAMATATOS, Appellant, v ANNA STAMATATOS, Respondent, et al., Defendant. [944 NYS2d 890]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated March 10, 2011, which granted the motion of the defendant Anna Stamatatos for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

"A landowner owes a duty to another on his [or her] land to keep it in a reasonably safe condition, considering all of the circumstances including the purpose of the person's presence and the likelihood of injury" (*Macey v Truman*, 70 NY2d 918, 919 [1987]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]). "Where an injury results 'not from any unsafe condition defendant left uncorrected on his [or her] land, but as a direct result of the course plaintiff . . . decided to pursue . . . the law impose[s] no duty on defendant as landowner to protect plaintiff from the unfortunate consequences of his [or her] own actions' " (*Marino v Bingler*, 60 AD3d 645, 647 [2009], quoting *Macey v Truman*, 70 NY2d at 919).

Here, the defendant Anna Stamatatos (hereinafter the respondent) established her prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's injury did not result from a physical defect on her property, that the injury resulted solely from the manner in which the plaintiff chose to perform certain work on the respondent's house, and that the respondent did not exercise any control or supervision over the plaintiff (*see McNulty v Executive Kitchens*, 294 AD2d 411, 412 [2002]; *Prairie v Sacandaga Bible Conference Camp*, 252 AD2d 940, 941 [1998]). In opposition, the plaintiff failed to

raise a triable issue of fact (*see Baggott v Corcoran*, 48 AD3d 1182, 1183 [2008]; *see also Farley v Smith*, 172 AD2d 800, 801 [1991]). Accordingly, the Supreme Court properly granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against her. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.