Leggio v State of New York (2019 NY Slip Op 03244)





Leggio v State of New York


2019 NY Slip Op 03244


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1438 CA 18-01306

[*1]DEBORAH LEGGIO, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 126064.) 






EUGENE B. NATHANSON, NEW YORK CITY, FOR CLAIMANT-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered January 12, 2018. The order granted the motion of defendant for summary judgment dismissing the claim and denied the cross motion of claimant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action seeking damages for injuries she sustained when she tripped over a tree stump while performing work as an inmate at Albion Correctional Facility. She appeals from an order that granted defendant's motion for summary judgment dismissing the claim and denied her cross motion for summary judgment on the issue of liability. We affirm.
Although defendant, through its correctional authorities, may direct an inmate to participate in a work program during his or her term of incarceration, it nevertheless "owes the inmate a duty to provide a reasonably safe workplace" (Perez v State of New York, 9 Misc 3d 1126[A], 2005 NY Slip Op 51802[U], *2 [Ct Cl 2005]; see also Kandrach v State of New York, 188 AD2d 910, 913 [3d Dept 1992]). Such a duty, however, "does not extend to hazards which are part of or inherent in the very work" being performed (Gasper v Ford Motor Co., 13 NY2d 104, 110 [1963], mot to amend remittitur granted 13 NY2d 893 [1963]; see Anderson v Bush Indus., 280 AD2d 949, 950 [4th Dept 2001]; see generally Labor Law § 200; Maldonado v State of New York, 255 AD2d 630, 631 [3d Dept 1998]). Further, while the issue whether a hazard is readily observable generally impacts only whether the parties are comparatively negligent, an open and obvious hazard is not actionable where it is inherent in the injury-producing work (see Parkhurst v Syracuse Regional Airport Auth., 165 AD3d 1631, 1632 [4th Dept 2018]; Landahl v City of Buffalo, 103 AD3d 1129, 1131 [4th Dept 2013]). Inasmuch as claimant and her fellow workers were tasked with cleaning up the branches of a felled tree, the existence of the tree stump was an open and obvious hazard inherent in the nature of the work and thus, contrary to claimant's contention, could not "serve as a basis for liability" (Parkhurst, 165 AD3d at 1632).
Moreover, claimant admitted that she was aware of the stump before she started working (see Bombard v Central Hudson Gas & Elec. Co., 205 AD2d 1018, 1020 [3d Dept 1994], lv dismissed 84 NY2d 923 [1994]). Thus, we conclude that, contrary to claimant's further contentions, defendant did not have any duty to warn her of the existence of the stump or to instruct the inmates to exercise caution around it (see Cwiklinski v Sears Roebuck & Co., Inc., 70 AD3d 1477, 1479 [4th Dept 2010]; Hurlburt v S.W.B. Constr. Co., 20 AD3d 854, 855 [3d Dept 2005]). In light of the foregoing, we also conclude that defendant was not vicariously liable for a fellow inmate's purported failure to warn of the tree stump (see generally Mattes v Joseph, 282 AD2d 507, 508 [2d Dept 2001]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court