Savoie v Gigliotti (2019 NY Slip Op 05858)





Savoie v Gigliotti


2019 NY Slip Op 05858


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


310 CA 18-02007

[*1]MICHEL SAVOIE AND JENNIFER SAVOIE, PLAINTIFFS-APPELLANTS,
v
PAUL C. GIGLIOTTI, JOHN A. MARTINO, TREBROS INC., AND TREBROS INC., DOING BUSINESS AS MISTER B'S RESTAURANT & TAVERN, DEFENDANTS-RESPONDENTS. 






PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
WALSH, ROBERTS & GRACE LLP, BUFFALO (MARK P. DELLA POSTA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS PAUL C. GIGLIOTTI AND JOHN A. MARTINO.
THERESA L. PREZIOSO, PLLC, NIAGARA FALLS (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS TREBROS INC. AND TREBROS INC., DOING BUSINESS AS MISTER B'S RESTAURANT & TAVERN.


 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered April 24, 2018. The order granted the motions of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Supreme Court properly granted defendants' respective motions for summary judgment dismissing the complaint against them in this negligence action, which stems from plaintiff Michel Savoie's fall down a staircase at defendants' restaurant. Defendants demonstrated their prima facie entitlement to judgment as a matter of law by showing that they maintained the subject staircase and surrounding area in a reasonably safe condition, and plaintiffs failed to raise a triable issue of fact in opposition (see Oehler v Diocese of Buffalo, 277 AD2d 967, 968 [4th Dept 2000]). Because the staircase and its environs were reasonably safe, defendants had no duty to warn upon which liability could be predicated (see Plis v North Bay Cadillac, 5 AD3d 578, 578 [2d Dept 2004]; see generally Christmann v Murphy, 226 AD2d 1069, 1070 [4th Dept 1996], lv denied 89 NY2d 801 [1996]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court