Valente v Persico Realty Corp. (2020 NY Slip Op 02606)





Valente v Persico Realty Corp.


2020 NY Slip Op 02606


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2017-01674
 (Index No. 606878/14)

[*1]Anthony Valente, appellant, 
v
Persico Realty Corp., et al., respondents.


Raphaelson & Levine Law Firm, P.C., New York, NY (Steven C. November of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell and David Bloom of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered January 26, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging common-law negligence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, who was employed by nonparty Con Edison to deliver construction materials, allegedly was injured while assisting an employee of the defendant Persico Contracting & Trucking, Inc. (hereinafter PCT), in manually unloading a pipe from a flatbed trailer. PCT's employee lost his grip on the end of the pipe that he was holding and dropped it, causing the plaintiff to fall and the pipe to strike the plaintiff's hand.
The plaintiff thereafter commenced this personal injury action against PCT and the defendant Persico Realty Corp., the lessee of the storage yard at which the accident occurred, alleging, inter alia, common-law negligence. The defendants moved for summary judgment, among other things, dismissing the common-law negligence cause of action, and the Supreme Court granted that branch of the motion. The plaintiff appeals.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the common-law negligence cause of action by demonstrating that PCT's employee did not create an unreasonable risk of harm that caused or contributed to the plaintiff's accident (see Giovanniello v E.W. Howell, Co., LLC, 104 AD3d 812, 814; see generally Borrerro v Haks Group, Inc., 165 AD3d 1216, 1217), that the defendants did not exercise any supervision or control over the plaintiff's work (see Lombardi v Stout, 80 NY2d 290, 295; Pensabene v San Francisco Constr. Mgt., Inc., 27 AD3d 709, 711), and that they did not otherwise breach a duty of care owed to the plaintiff (see Smith v Taylor, 279 AD2d 566, 567). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant that branch [*2]of the defendants' motion which was for summary judgment dismissing the common-law negligence cause of action.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court