Sciandra v Patchogue Fire Dept., Inc. (2025 NY Slip Op 03834)

Sciandra v Patchogue Fire Dept., Inc.

2025 NY Slip Op 03834

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-09883
2023-12311
 (Index No. 601750/20)

[*1]Kevin Sciandra, et al., appellants, 
v
Patchogue Fire Department, Inc., et al., respondents.

Epstein Shakh, LLP, Melville, NY (Roman J. Shakh of counsel), for appellants.
Smith Mazure, P.C., New York, NY (Louise M. Cherkis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 26, 2023, and (2) a judgment of the same court entered November 27, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In January 2019, Kevin Sciandra (hereinafter the injured plaintiff) visited a fire station in Patchogue to watch a football game with friends. While at the fire station, the injured plaintiff attempted to go down a fire pole on the premises and was injured by the impact of the descent. He and his wife, suing derivatively, commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, allowing the injured plaintiff to use the fire pole and creating a dangerous condition on the premises. The defendants moved for summary judgment dismissing the complaint, and the plaintiffs opposed the motion. In an order dated September 26, 2023, the Supreme Court granted the defendants' motion. Subsequently, a judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
Property owners have a duty to exercise reasonable care in maintaining their properties in a reasonably safe condition (see Powers v 31 E 31 LLC, 24 NY3d 84, 94; Basso v Miller, 40 NY2d 233, 241). Where an injury "w[as] not caused by an unsafe condition on the [*2]property, but w[as] rather a direct result of the voluntary actions that the plaintiff undertook," the property owner has no duty to protect the plaintiff from the unfortunate consequences of the plaintiff's own actions (Poole v Ogiejko, 62 AD3d 977, 977; see Macey v Truman, 70 NY2d 918, 919-920).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff's decision to use the fire pole was the sole proximate cause of his injuries and that his injuries did not result from a dangerous condition on their premises (see Carroll v Montalvo, 164 AD3d 1206, 1207; Polomski v Deluca, 161 AD3d 1116, 1117). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court