TRANS HIGH CORPORATION, Appellant, v POLLACK ASSOCIATES, LLC, et al., Respondents. [902 NYS2d 83]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered May 28, 2009, dismissing the complaint pursuant to an order which, in an action against insurance brokers for failure to procure insurance, granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.

Even if, as plaintiff alleges, defendants failed to satisfy their common-law duty to procure the coverage that plaintiff had requested (*see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]), plaintiff's receipt and retention of the policy for three months before the fire without objection to the missing coverage waived any right of action it might have had against defendants (*see Busker on Roof Ltd. Partnership Co. v Warrington*, 283 AD2d 376, 376-377 [2001]). Indeed, more was involved here than mere passive receipt, retention, and presumptive knowledge of and assent to the policy's terms; as evidenced by plaintiff's postprocurement request to defendants to increase the policy limits, it is clear that plaintiff actually reviewed the policy and had actual knowledge of its terms.

Nor is a special relationship, such as might have imposed on defendants an additional duty to advise plaintiff that the policy did not contain the coverage in question (*see generally Murphy*, 90 NY2d at 270-272), made out by plaintiff's allegations concerning defendants' efforts to retain plaintiff as a customer following the discovery that another policy containing the coverage had lapsed (*cf. Busker*, 283 AD2d at 377 [that broker discouraged client from hiring an insurance advisor, and assured client that its services would meet client insurance needs, not so exceptional as to support imposition of a special duty]). Moreover, plaintiff's own account of its interactions with defendant—to the effect that it specifically requested the coverage in question, that it otherwise actively discussed with defendant the procurement, type and amount of coverage, and that it

actively reviewed the procured policy—effectively admits that it was not relying on defendants' expertise (*see Murphy*, 90 NY2d at 272). Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Manzanet-Daniels, JJ.