# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**971**

**CA 13-01845**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

JAMES W. JONES, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF ERIE, AMERICAN SITE DEVELOPERS LLC,
MALCOLM PIRNIE, INC., DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANDREW CONNELLY
OF COUNSEL), FOR PLAINTIFF-APPELLANT.

OSBORN, REED & BURKE, LLP, ROCHESTER (L. DAMIEN COSTANZA OF COUNSEL),
FOR DEFENDANT-RESPONDENT COUNTY OF ERIE.

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (DESTIN C. SANTACROSE OF
COUNSEL), FOR DEFENDANT-RESPONDENT AMERICAN SITE DEVELOPERS LLC.

SUGARMAN LAW FIRM, LLP, BUFFALO (CARLTON K. BROWNELL, III, OF
COUNSEL), FOR DEFENDANT-RESPONDENT MALCOLM PIRNIE, INC.

---

Appeal from an order of the Supreme Court, Erie County (Shirley
Troutman, J.), entered July 15, 2013 in a personal injury action.  The
order granted the motions of defendants County of Erie, American Site
Developers LLC and Malcom Pirnie, Inc. for summary judgment dismissing
the plaintiff's complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained when he fell out of a tree while trimming
branches.  The accident occurred on property owned by defendant County
of Erie (County), which had hired defendant American Site Developers
LLC (ASD) as a general contractor to clean up damage caused by a
storm.  Defendant Malcolm Pirnie, Inc. (MP) had been hired by the
County to monitor the work, and plaintiff's employer was a
subcontractor retained to trim damaged branches from trees.  In his
complaint, plaintiff asserted causes of action against the County, ASD
and MP for common-law negligence and violations of Labor Law §§ 200,
240 (1) and 241 (6).  Following discovery, the County, ASD and MP each
moved separately for summary judgment dismissing the complaint as
against it, and Supreme Court granted the motions.  We affirm.

We reject plaintiff's contention that the court erred in

dismissing his common-law negligence and Labor Law § 200 causes of action. Labor Law § 200 codifies "the common-law duty of a landowner to provide workers with a reasonably safe place to work" (*Lombardi v Stout*, 80 NY2d 290, 294; *see also Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Jock v Fein*, 80 NY2d 965, 967), and it therefore encompasses the duty underlying plaintiff's negligence cause of action. A precondition to the duty under Labor Law § 200 " 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury' " (*Comes*, 82 NY2d at 877, quoting *Russin v Picciano & Son*, 54 NY2d 311, 317). Thus, liability under Labor Law § 200 cannot be imposed on a defendant if "there is no evidence that [the] defendant exercised supervisory control or had any input into *how*" the plaintiff carried out the injury-producing work (*Comes*, 82 NY2d at 877 [emphasis added]).

Here, all three moving defendants met their initial burdens of establishing as a matter of law that they did not have supervisory control over plaintiff's work and did not have input into how he performed his work. In response, plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although the County had an employee who monitored plaintiff's work on the day in question, that employee did not control the manner and method of plaintiff's work; rather, her role was limited to making sure that plaintiff completed his work. Moreover, the County did not provide plaintiff with any of his equipment, which was provided by his employer. "Absent any evidence that [the County] gave anything more than general instructions as to what needed to be done, as opposed to how to do it, [the County] cannot be held liable under Labor Law § 200 or for common-law negligence" (*O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226, *affd* 7 NY3d 805; *see Alonzo v Safe Harbors of the Hudson Housing Dev. Fund Co., Inc.*, 104 AD3d 446, 449). With respect to ASD and MP, plaintiff acknowledged during his deposition that he never took any instruction from employees of those two parties. In sum, we conclude that, because plaintiff's injuries arose from the "manner in which removal of the branch was . . . undertaken," and none of the moving defendants "had any input into how the branch was to be removed" (*Lombardi*, 80 NY2d at 294-295; *see Byrd v Roneker*, 90 AD3d 1648, 1650), the court properly dismissed the common-law negligence and section 200 causes of action as against each of them.

Finally, we reject plaintiff's contention that the County created the dangerous condition that caused his injuries. Plaintiff's contention is premised on the fact that a County employee informed him that he had to cut one remaining damaged branch if he wished to be paid for that tree. As the County points out, however, the dangers attendant to climbing the tree were inherent in the work itself and not created by the employee's directive (*see Gasper v Ford Motor Co.*, 13 NY2d 104, 110-111; *see also Vega v Restani Constr. Corp.*, 18 NY3d 499, 506; *Anderson v Bush Indus., Inc.*, 280 AD2d 949, 950).

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court