■ WENDY KAUFMAN, Appellant, v BWD GROUP LLC, Respondent. [9 NYS3d 179]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered February 19, 2014, to the extent appealed from as limited by the briefs, dismissing plaintiff's complaint pursuant to an order, same court and Justice, entered on or about November 14, 2013, which granted defendant's motion for summary judgment, unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this action for breach of contract and negligence, plaintiff insured alleges that defendant insurance brokerage company failed to procure sufficient insurance coverage to fully compensate her for her loss of personal property after a fire damaged her Massachusetts home in June 2009.

Defendant made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence that plaintiff never specifically requested that it obtain a certain level of contents coverage for the home and that there was no special relationship between the parties requiring it to obtain appropriate coverage (see 46th St. Dev., LLC v Marsh USA, Inc., 100 AD3d 455 [1st Dept 2012]). The record demonstrates that plaintiff did nothing to change the contents coverage in the six months before the fire, even though defendant had informed her in January 2009 of the amount of the coverage and that it was at its lowest available limit (see Murphy v Kuhn, 90 NY2d 266, 271 [1997]; see also Nicholas J. Masterpol, Inc. v Travelers Ins. Cos., 273 AD2d 817, 818 [4th Dept 2000]).

In opposition, plaintiff failed to raise a triable issue of fact. The record does not support plaintiff's contention that she specifically asked defendant to procure sufficient contents coverage to fully compensate her in the event of a covered loss (see Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 157-158 [2006]). That plaintiff's husband, who was not an insured, believed that the policy provided full compensation is of no moment, given that defendant's employee had informed plaintiff in January 2009 of the amount of coverage. Further, it is undisputed that plaintiff never paid for an evaluation of the home's contents and that defendant never agreed to conduct such an evaluation (compare Stevens v Hickey-Finn & Co., 261 AD2d 300, 301 [1st Dept 1999] [issue of fact raised where broker, in response to the plaintiff's request, undertook to estimate the replacement value of the property]). Moreover, there is no

evidence that defendant told plaintiff that she would be completely compensated for any damaged personal property should an insurable loss occur (*see generally Voss v Netherlands Ins. Co.*, 22 NY3d 728, 735 [2014]).

Although plaintiff had been purchasing insurance from defendant for over 20 years, this alone does not raise an issue of fact as to a special relationship, especially since the evidence shows that plaintiff chose the coverage amounts and did not rely on defendant for any advice as to the appropriate amounts (*see Hoffend*, 7 NY3d at 158; *see also Murphy*, 90 NY2d at 271-273). Concur—Friedman, J.P., Acosta, Moskowitz and Kapnick, JJ.