## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 18, 2016                    521434
_____

KEN FINCH JR.,

                    Appellant,

          v                                  MEMORANDUM AND ORDER

STEVE CARDELL AGENCY,

                    Respondent,
                    et al.,
                    Defendants.
_____

Calendar Date:  January 13, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Clark, JJ.

                    _____

          Frederick J. Meagher Jr., Binghamton, for appellant.

          Coughlin & Gerhart, LLP, Binghamton (Keith A. O'Hara of counsel), for respondent.

                    _____

Garry, J.

          Appeal from an order of the Supreme Court (Guy, J.), entered October 13, 2014 in Broome County, which, among other things, granted a cross motion by defendant Steve Cardell Agency for summary judgment dismissing the complaint against it.

          Plaintiff is a self-employed logger who is also engaged in the business of putting on rodeos.  In connection with this business, plaintiff owns bulls and other animals, as well as trucks and trailers.  In approximately 2006, plaintiff began obtaining homeowners' insurance and liability and automobile coverage for his business operations from defendant Steve Cardell Agency (hereinafter defendant), a New York insurance agency of which Steven I. Cardell (hereinafter Cardell) is president.

Plaintiff obtained liability insurance for rodeos by contacting defendant before each show.  Defendant would then procure coverage for the event and provide plaintiff with an insurance certificate.  In August 2012, plaintiff contacted defendant to obtain coverage for an upcoming rodeo in Pennsylvania.  The transaction was handled by an office assistant.  The carrier that had previously provided plaintiff's rodeo insurance declined to cover the event, apparently due to its location in Pennsylvania, and the assistant instead found what she believed to be equivalent coverage issued by a different carrier, Atlantic Casualty Insurance Company (hereinafter ACIC).

At the conclusion of the Pennsylvania rodeo, four bulls escaped from a group that was being moved from a holding pen through a system of gates immediately prior to loading into plaintiff's trailer.  Several bystanders were injured before the animals were recaptured, and lawsuits were filed against plaintiff as a result.  When plaintiff advised defendant of the incident, Cardell reviewed the ACIC policy and discovered that it contained an exclusion for injuries or damage caused by animals.  Thereafter, ACIC declined coverage, relying on the animal exclusion and also on a policy exclusion for losses arising out of the use of an "auto" (hereinafter the auto exclusion), which the policy defined to include loading and unloading operations.  When plaintiff sought coverage under the automobile insurance policy that defendant had furnished through a different company, that carrier also denied coverage on the ground that the trailer into which the bulls were being loaded was not listed in the policy's schedule of covered vehicles.  Although plaintiff's trucks were listed and covered, on this occasion he had used a borrowed truck owned by defendants Mark Woodruff and Robin Woodruff to tow his trailer to the rodeo.

Plaintiff commenced this insurance malpractice action alleging that defendant was negligent in procuring a rodeo insurance policy with an animal exclusion.  Following joinder of issue, plaintiff moved for summary judgment; after an agreed-upon adjournment for discovery, defendant cross-moved for summary judgment dismissing the complaint.  During the pendency of the motions, plaintiff amended his complaint to add a cause of action against the Woodruffs, and a new cause of action that amplified

his insurance malpractice claim against defendant.  Plaintiff then argued that the amended complaint rendered defendant's cross motion premature and unripe for determination.  Supreme Court rejected this assertion, denied plaintiff's motion and granted defendant's cross motion for summary judgment dismissing the complaint against defendant, on the ground that the animal exclusion was not the proximate cause of plaintiff's loss. Plaintiff appeals.

An insurance agent has a common-law duty to provide requested coverage within a reasonable time and may be held liable for negligence or breach of contract when a client establishes that a specific request was made for coverage that was not provided in the policy (see American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735 [2012]).  A breach of this duty will give rise to liability if it is shown to be the proximate cause of a client's loss (see Milgrim v Royal & SunAlliance Ins. Co., 75 AD3d 587, 589 [2010]; Cosmos, Queens Ltd. v Matthias Saechang Im Agency, 74 AD3d 682, 683-684 [2010], lv denied 15 NY3d 711 [2010]).  Here, Supreme Court determined that defendant's potential negligence was not the proximate cause of plaintiff's loss, as plaintiff's claim would have been denied, in any event, based upon the auto exclusion.  However, this failed to address the allegations set forth within the amended complaint.  In this pleading, plaintiff alleged that defendant negligently failed to advise him of the "gap in coverage" created by the auto exclusion, and that this failure resulted in his lack of coverage.

Although an insurance agent's common-law duty to his or her clients does not include a continuing duty to advise the clients on appropriate coverage or to recommend additional coverage that the clients did not request (see Catalanotto v Commercial Mut. Ins. Co., 285 AD2d 788, 790 [2001], lv denied 97 NY2d 604 [2001]), an agent may be liable for failing to provide appropriate advice in circumstances where there is a special relationship.  As pertinent here, such a relationship may arise when "there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on" (Murphy v Kuhn, 90 NY2d 266, 272 [1997]; accord Voss v

Netherlands Ins. Co., 22 NY3d 728, 735 [2014]).  The question whether a special relationship exists between an insurance agent and a client giving rise to a duty to guide and advise the client is a factual determination that "is governed by the particular relationship between the parties and is best determined on a case-by-case basis" (Murphy v Kuhn, 90 NY2d at 272).  Here, plaintiff testified that he had purchased his business and personal insurance from defendant for at least six years, that he knew little about insurance and that he relied upon defendant to obtain the appropriate coverage for his rodeo operations.  He stated that he had never seen any of the rodeo insurance policies that defendant procured on his behalf, that insurance certificates were the only documents ever provided to him, and that "with [Cardell] being my agent for years, I took that as he was representing me and making sure that I was covered."  As for the failure to include the trailer in the schedule of covered vehicles in plaintiff's automobile insurance policy — which defendant had also procured — plaintiff stated that he understood that his trailers were covered by his truck insurance and that he was never advised that his trailers should be separately listed as covered vehicles until after the Pennsylvania incident.

Cardell testified that defendant had been providing plaintiff with homeowners' insurance, private automobile insurance and commercial truck insurance since 2006 and had been procuring general liability insurance coverage for plaintiff's rodeo operations for several years before the Pennsylvania incident.  He testified that after the previous carrier declined coverage, the general marketing agency that defendant worked with offered the ACIC policy as a substitute.  Cardell acknowledged that the presence of the animal exclusion in the ACIC policy was an error, stating that the assistant "overlooked" the exclusion, that Cardell did not discover it until after the incident, and that an employee of the marketing agency was later fired for issuing the policy with the animal exclusion.  Nothing in Cardell's testimony contradicted plaintiff's allegations that he relied upon defendant to procure adequate coverage, or that defendant had not advised him of any need for additional protection because of the auto exclusion.

As to application of the auto exclusion, defendant correctly asserts that clauses in automobile liability insurance policies defining the use of an automobile to include loading and unloading are broadly construed to include "the complete operation" (Wagman v American Fid. & Cas. Co., 304 NY 490, 494 [1952] [internal quotation marks omitted]; see Hertz Corp. v Bellin, 22 NY2d 736, 736 [1968]; Travelers Ins. Co. v Saunders & Sons, 18 AD2d 126, 127-128 [1963], affd 13 NY2d 1019 [1963]). Critically, however, the language at issue here is not a coverage provision in an automobile liability policy, but an exclusion from coverage in a general liability insurance policy. It is well established that such exclusions are subject to a strict and narrow construction and can be "enforced only when the insurer establishes that the pertinent language is 'subject to no other reasonable interpretation'" (Essex Ins. Co. v Grande Stone Quarry, LLC, 82 AD3d 1326, 1327 [2011], quoting Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]; see Fulmont Mut. Ins. Co. v New York Cent. Mut. Fire Ins. Co., 4 AD3d 724, 726 [2004]). The record here contains no specific information as to the particular circumstances in which plaintiff's bulls caused injuries after their escape, or how closely related those circumstances were to the operation of transferring the bulls from the holding pen to the trailer. Accordingly, the record fails to establish as a matter of law that ACIC would necessarily be able to demonstrate that the injuries fall within the scope of the auto exclusion.

The question whether negligence on the part of an insurance agent or broker proximately caused a client's losses "should generally be resolved by the factfinder" (Voss v Netherlands Ins. Co., 22 NY3d at 737). In our view, the evidence raises triable issues of fact as to whether plaintiff and defendant had a special relationship and, if so, whether defendant proximately caused plaintiff's loss by negligently failing to advise and guide him in obtaining adequate insurance coverage for all aspects of his rodeo operations, including his trailers (see Voss v Netherlands Ins. Co., 22 NY3d at 736-737; South Bay Cardiovascular Assoc., P.C. v SCS Agency, Inc., 105 AD3d 939, 942 [2013]; Axis Constr. Corp. v O'Brien Agency, Inc., 87 AD3d 1092, 1093-1094 [2011]). Therefore, defendant's cross motion for summary judgment dismissing the complaint should not have been

granted.

Peters, P.J., Egan Jr., Rose and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion by defendant Steve Cardell Agency for summary judgment dismissing the complaint against it; said motion denied; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court