# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**373**

**CA 15-01415**

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

DONALD J. GARVIN, PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

EDWARD C. WOJCIK, JR., DEFENDANT-RESPONDENT.

---

CHIACCHIA & FLEMING, LLP, HAMBURG (DANIEL J. CHIACCHIA OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered April 21, 2015 in a personal injury action. The order granted defendant's motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while cutting down a tree on defendant's property. Plaintiff and a third party volunteered to help defendant remove trees from his property. Defendant told the parties which direction a certain tree needed to fall, and the parties decided to delimb the tree first. Using his own chainsaw and defendant's ladder, plaintiff started removing branches from the tree. Defendant positioned the ladder after each branch was removed. Plaintiff had cut almost all the way through one particular branch and commented to defendant and the third party, who were standing on the ground, that the branch was not sagging as he had expected it would. Plaintiff testified that either defendant or the third party or both told him to "just cut it." Plaintiff continued cutting, and then the branch suddenly swung toward him and struck the ladder, causing him to fall to the ground and sustain injuries.

Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. It is well settled that a landowner owes those on his property a duty of "reasonable care under the circumstances" (*Basso v Miller*, 40 NY2d 233, 241). Here, plaintiff was not injured owing to an unsafe condition on the property, but rather he was injured as "the direct result of the manner in which [he] engaged in a voluntary activity" on the property

(*Jarvis v Eastman*, 202 AD2d 826, 827; *see Macey v Truman*, 70 NY2d 918, 919, *mot to amend remittitur granted* 71 NY2d 949). In support of his motion, defendant failed to establish as a matter of law that his participation in the injury-producing activity was not causally related to the accident (*see Lichtenthal v St. Mary's Church*, 166 AD2d 873, 875; *cf. Macey*, 70 NY2d at 919-920; *Jones v County of Erie*, 121 AD3d 1562, 1562-1563).

Entered: April 29, 2016

Frances E. Cafarell
Clerk of the Court