This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 174
George Newman, et al.,
            Appellants,
        v.
RCPI Landmark Properties, LLC,
et al.,
            Respondents.

Annie E. Causey, for appellants.
Glenn A. Kaminska, for respondents.
Defense Association of New York, Inc., amicus curiae.

MEMORANDUM:

The order of the Appellate Division should be reversed, with costs, and defendants' motion for summary judgment dismissing the complaint denied.

This is an ordinary negligence case. Questions regarding proximate cause generally are for a trier of fact (see

- 1 -

Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]).  Defendants' own submissions do not establish as a matter of law that their alleged negligence was not a proximate cause of the accident (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).  Viewed "'in the light most favorable to [plaintiffs,] the non-moving part[ies]'" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011]), those submissions leave open the possibility that some negligence on defendants' part contributed to the injuries incurred by George Newman (plaintiff) when he descended from the loading dock in question, and that there is a causal link between that alleged negligence and plaintiff's fall.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, with costs, and defendants' motion for summary judgment dismissing the complaint denied, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided November 17, 2016