Egan Jr., J.
 

 Appeal from an order of the Supreme Court (Gilpatric, J.), entered June 23, 2016 in Ulster County, which, among other things, granted a motion by defendant Rosenzweig Insurance Agency Inc. for summary judgment dismissing the complaint and cross claims against it.
 

 In 2006, plaintiff was injured after falling off a ladder while employed as a painter at a property owned by Allen Skriloff and SOS 1031 Properties 112, LLC in the Town of Hurley, Ulster County. The insurance carrier for Skriloff and SOS 1031 disclaimed coverage for the loss on the ground that, among other things, the subject insurance policy specifically excluded coverage for injuries to employees, contractors and employees of contractors. Plaintiff thereafter commenced a lawsuit against, among others, Skriloff and SOS 1031. Following a trial, plaintiff obtained a jury verdict in his favor in excess of $6,100,000. Skriloff and SOS 1031 thereafter assigned to plaintiff any and all rights and claims that they held against the insurance brokers and the insurer with respect to the procurement of insurance coverage for the subject property.
 

 Plaintiff thereafter commenced this action against, among others, defendant Rosenzweig Insurance Agency Inc. (hereinafter defendant) and defendant Leon G. Silver & Associates, Ltd. (hereinafter Silver), as the insurance brokers for plaintiff’s assignors, alleging causes of action for negligence, breach of contract and fraud/material misrepresentation based upon defendant and Silver’s alleged failure to procure the appropriate insurance coverage for plaintiff’s assignors. Upon joinder of issue, defendant and Silver separately moved for summary judgment dismissing the complaint against them. Supreme Court granted both motions, determining, among other things, that plaintiff’s assignors were presumed to know the contents of their insurance policy, thereby defeating the causes of action for negligence and breach of contract, and no evidence was otherwise submitted establishing any material misrepresentation and/or fraud by defendant or Silver.
 
 [1]
 
 Plaintiff now appeals.
 
 [2]
 

 We affirm. On a motion for summary judgment, it is the moving party’s burden to establish its prima facie entitlement to judgment as a matter of law by presenting sufficient evidence demonstrating the absence of any material questions of fact (see Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Upon establishing a prima facie case, the burden then shifts to the party opposing the motion to demonstrate the existence of a material issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
 

 As a general rule, “[a]n insurance [broker] has a common-law duty to provide requested coverage within a reasonable time and may be held liable for negligence or breach of contract when a client establishes that a specific request was made for coverage that was not provided in the policy” (Finch v Steve Cardell Agency, 136 AD3d 1198, 1200 [2016] [citation omitted]; see Voss v Netherlands Ins. Co., 22 NY3d at 734). In support of its motion, defendant submitted the affidavit of Lawrence Rosenzweig, its president and chief executive officer. Rosenzweig indicated that Skriloff telephoned him, informed him that he was in the process of a purchasing a property with the intent of renovating same and, in furtherance thereof, requested defendant to obtain a commercial general liability policy for the premises. Based on the information provided, Rosenzweig indicated that he obtained a quote for the policy requested and, thé following day, prior to the submission of an application for or request to bind coverage, sent Skriloff a letter wherein he specifically indicated that the quoted policy “did not cover injuries to construction workers.” The letter further provided that, in the event that Skriloff was interested in procuring such additional coverage, it could be obtained for an additional $5,000.
 
 [3]
 
 Rozenzweig indicated that, in response to his letter, he received a fully executed application for the commercial general liability policy as outlined in the provided quote. According to Rosenzweig, at no point in time did Skriloff or anyone else associated with the subject property ever request defendant to obtain a policy that covered injuries to construction workers. Defendant also offered Skriloffs deposition testimony. Skriloff testified that he was aware that the policy he purchased did not provide coverage for injuries to construction workers and explained that he did not procure the more expensive policy because he mistakenly believed that his contractor already had liability insurance covering his employees. Defendant therefore met its burden on its motion for summary judgment, shifting to plaintiff the burden of raising a triable issue of fact.
 

 In opposition, plaintiff failed to present any credible evidence rebutting defendant’s proof in this regard. At best, plaintiff established that Skriloff made a generalized request for liability coverage, and it is well-settled that such a generalized request is insufficient to satisfy the requirement that a specific request for a particular type of coverage be made (see American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735 [2012]; Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 158 [2006]; Catalanotto v Commercial Mut. Ins. Co., 285 AD2d 788, 790 [2001], lv denied 97 NY2d 604 [2001]).
 

 We find similarly unavailing plaintiff’s contention that a special relationship existed between defendant and Skriloff (see Voss v Netherlands Ins. Co., 22 NY3d at 735; Murphy v Kuhn, 90 NY2d 266, 272 [1997]). Indeed, “[although an insurance [broker]’s common-law duty to his or her clients does not include a continuing duty to advise the clients on appropriate coverage or to recommend additional coverage that the clients did not request” (Finch v Steve Cardell Agency, 136 AD3d at 1200), an insurance broker may nevertheless be found liable for failing to provide appropriate advice regarding insurance coverage where it is determined that a special relationship has been established with his or her client (see Voss v Netherlands Ins. Co., 22 NY3d at 735; Murphy v Kuhn, 90 NY2d at 272). Whether such a special relationship exists is best determined on a case-by-case basis upon consideration of such factors as whether the broker received compensation for his or her consultation services distinct from the payment of premiums, whether the broker and the client had a specific interaction with respect to the insurance coverage such that it was apparent that the client was relying on the advice of the broker or whether there existed a course of dealing over an extended period of time that would have put an objectively reasonable insurance broker on notice that his or her advice and/or expertise were being relied upon (see Murphy v Kuhn, 90 NY2d at 272; see Voss v Netherlands Ins. Co., 22 NY3d at 735). It is the burden of the insured to establish that a special relationship existed (see Murphy v Kuhn, 90 NY2d at 272-273).
 

 Even assuming, without deciding, that plaintiff submitted sufficient proof demonstrating the existence of a special relationship, the record demonstrates that defendant fulfilled any corresponding duty of advisement that it may have owed to plaintiffs assignors based upon defendant’s unambiguous letter advising Skriloff, in writing, that additional insurance coverage for injuries to construction workers was available and could be procured upon request (see M & E Mfg. Co. v Frank H. Reis, Inc., 258 AD2d 9, 13 [1999]) and Skriloffs testimony that he was aware that injuries to construction workers were specifically excluded from the policy that he purchased. Because the record is devoid of any specific request for such additional coverage ever having been made (compare American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d at 735), we find that defendant’s motion for summary judgment dismissing the complaint against it was appropriately granted. In light of our holding, the parties’ remaining contentions have been rendered academic, and we need not consider, as Supreme Court held, whether plaintiff’s causes of action for negligence and breach of contract were adequately defeated based on plaintiff’s assignors’ presumptive knowledge of the terms of the policy based upon having received a copy of same.
 

 Peters, P.J., Lynch, Clark and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, with costs.
 

 [1]
 

 . Supreme Court also granted a previous motion for summary judgment dismissing the complaint against defendants United States Liability Insurance Group and U.S. Underwriters Insurance Company.
 

 [2]
 

 . Plaintiff’s application to withdraw and discontinue his appeal against Silver was previously granted by this Court (see 2017 NY Slip Op 82565 [U] [2017]).
 

 [3]
 

 . Rosenzweig’s letter also advised Skriloff that, inasmuch as a general contractor would be performing the renovation at the subject property, it was important that Skriloff obtain from the contractor, among other things, an executed hold harmless agreement and a certificate of insurance naming both he and any other relevant entities as additional insureds on the contractor’s liability policy.