Carroll v Rondout Yacht Basin, Inc. (2018 NY Slip Op 04051)





Carroll v Rondout Yacht Basin, Inc.


2018 NY Slip Op 04051


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

524587

[*1]ROBERT BRUCE CARROLL, Appellant,
v
RONDOUT YACHT BASIN, INC., Respondent.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Robert Bruce Carroll, Connelly, appellant pro se.
Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Mott, J.), entered November 8, 2016 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.
Defendant operates a marina in the Town of Esopus, Ulster County where it rents dock space during the boating season and storage for boats during the winter season. Plaintiff rented a dock slip and winter storage for his boat from defendant for several years and, during this time, he resided in his boat on a year-around basis. By letter dated May 4, 2008, defendant provided plaintiff with written notice that his boat would be launched on May 18, 2008 and that he was expected to vacate defendant's marina at that time. Plaintiff then initiated a proceeding in Town Court to stay the removal of his boat from defendant's property. Town Court granted a stay that remained in
effect until June 17, 2008. Thereafter, defendant launched plaintiff's boat and transported it to a nearby public dock where it was anchored. In May 2014, plaintiff commenced this action asserting claims for breach of contract, personal injury, harassment, constructive eviction and conversion. Following joinder of issue, defendant moved for summary judgment dismissing the complaint, which Supreme Court granted. Plaintiff appeals.
Supreme Court properly determined that plaintiff's claims for conversion, property damage and personal injury were time-barred. Each of these causes of action is subject to a three-year statute of limitations (see CPLR 214 [3], [4]), and the allegations on which each was based occurred not later than June 2008, when plaintiff's boat was removed from defendant's marina. Plaintiff's argument that commencement of the Town Court proceeding seeking a stay of [*2]his eviction from the marina, which concluded in June 2008, tolled the statute of limitations is meritless. Supreme Court also properly dismissed plaintiff's claim of harassment, because "New York does not recognize a common-law cause of action to recover damages for harassment" (Wells v Town of Lenox, 110 AD3d 1192, 1193-1194 [2013] [internal quotation marks and citations omitted]), and plaintiff abandoned his constructive eviction claim by failing to address that issue in his brief on appeal (see Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1088 n 1 [2017]).
With respect to plaintiff's breach of contract claim, "[t]he essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach. To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (WFE Ventures, Inc. v Mills, 139 AD3d 1157, 1160 [2016] [internal quotation marks and citations omitted]). In his complaint, as amplified by the bill of particulars, plaintiff alleged the formation of an oral contract to rent dock space from defendant for the 2008 boating season, that he had performed pursuant to its terms by timely paying the first month's rent of $500 and that defendant's removal of his boat from the marina
constituted a breach that caused him to sustain damages.
Defendant met its burden of showing prima facie entitlement to summary judgment dismissing this cause of action by submitting the affidavit of James Rothlein, its owner, who averred that no contract was formed, as evidenced in part by plaintiff's refusal to sign a written lease agreement. In opposition to defendant's motion, plaintiff submitted a copy of an invoice from defendant that itemized the charges for winter storage and spring launch and showed that no balance was due in April 2008. The invoice also acknowledged receipt of a $500 payment from plaintiff on April 14, 2008 for a monthly slip charge. Plaintiff also submitted an affidavit in which he averred that the $500 payment accepted by defendant is evidence that the parties entered into an oral agreement for rental of dock space for the 2008 boating season. The facts alleged in plaintiff's affidavit are consistent with his deposition testimony, which was submitted by defendant, in which he claimed that he made an oral agreement with defendant's employee. Plaintiff's argument that the oral agreement was consistent with the parties' prior dealings because he had entered into a written agreement for only one season during his long period of occupancy is corroborated by Rothlein's allegation that "[o]ver the years[, plaintiff] refused to sign any license agreement." When viewed in the light most favorable to plaintiff, as the nonmoving party (see Hall v Queensbury Union Free Sch. Dist., 147 AD3d 1249, 1250 [2017]), plaintiff's submissions are sufficient to establish the existence of a triable issue of fact regarding formation of an oral contract. Accordingly, Supreme Court erred in dismissing the breach of contract cause of action.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing the breach of contract cause of action; motion denied to that extent; and, as so modified, affirmed.