Hefty v Paul Seymour Ins. Agency (2018 NY Slip Op 05547)





Hefty v Paul Seymour Ins. Agency


2018 NY Slip Op 05547


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018

525567

[*1]KENNETH HEFTY et al., Appellants,
v
PAUL SEYMOUR INSURANCE AGENCY et al., Respondents.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Sugarman Law Firm, LLP, Syracuse (Jeffrey M. Narus of counsel), for appellants.
Barclay Damon LLP, Rochester (Gabriel Bouvet-Boisclair of counsel), for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered June 8, 2017 in Madison County, which granted defendants' motion for summary judgment dismissing the complaint.
In 2010, plaintiffs purchased the subject property for $33,000 with the intention of renovating the home and retiring there. At that time, plaintiffs purchased a homeowner's insurance policy through defendants with a replacement cost limit of $92,000. Following extensive renovations and investment of over $200,000 in the subject property, it was destroyed by a fire in 2013. Plaintiffs thereafter commenced this action alleging that defendants were negligent in failing to secure higher coverage limits for the subject property. Following joinder of
issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and plaintiffs appeal.
"As a general principle, insurance brokers have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014] [internal quotation marks and citation omitted]; see Cromer v Rosenzweig Ins. Agency Inc., 156 AD3d 1192, 1193 [2017]; Finch v Steve Cardell Agency, 136 AD3d 1198, 1200 [2016]). Thus, "[t]o set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy" [*2](American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735 [2012]; see Cromer v Rosenzweig Ins. Agency Inc., 156 AD3d at 1193; Finch v Steve Cardell Agency, 136 AD3d at 1200).
In support of their motion, defendants submitted, among other things, the deposition testimony of plaintiffs. Plaintiffs each testified that, after renovating the subject property, they had conversations with defendants during which they informed them of the improvements to the property and requested that someone be sent there to reassess its value. Plaintiffs acknowledged, however, that at no point did they ever make a specific request for an increase in coverage. In opposition, plaintiffs failed to present any evidence to rebut this showing. At best, the evidence established that plaintiffs expressed a general interest in increasing coverage on the subject property, which is insufficient as a matter of law to satisfy "the requirement of a specific request for a certain type of coverage" (American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d at 735; see Cromer v Rosenzweig Ins. Agency Inc., 156 AD3d at 1194; Moutafis Motors, Ltd. v MRW Group, Inc., 144 AD3d 1000, 1001 [2016]; M & E Mfg. Co. v Frank H. Reis, Inc., 258 AD2d 9, 12 [1999]).
Plaintiffs nonetheless contend that a special relationship existed between themselves and defendants, giving rise to an additional duty of advisement. Even in the absence of a specific request, an insurance broker may be liable for failing to advise or direct the client to obtain additional coverage where a special relationship has developed between the broker and the client (see Voss v Netherlands Ins. Co., 22 NY3d at 735; Murphy v Kuhn, 90 NY2d 266, 272-273 [1997]). Stressing that "special relationships in the insurance brokerage context are the exception, not the norm" (Voss v Netherlands Ins. Co., 22 NY3d at 736), the Court of Appeals has identified three "exceptional situations" that may give rise to a special relationship: "(1) the agent receives compensation for consultation apart from payment of the premiums; (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent; or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on" (id. at 735 [internal quotation marks and citation omitted]; see Murphy v Kuhn, 90 NY2d at 272; Cromer v Rosenzweig Ins. Agency Inc., 156 AD3d at 1195). On this record, we conclude that plaintiffs failed to raise a triable issue of fact as to the existence of such a special relationship.
The parties agree that defendants did not receive compensation from plaintiffs apart from the payment of premiums. Further, although plaintiffs claim that they repeatedly requested a reassessment of the subject property, it is undisputed that defendants never undertook to perform one (see Kaufman v BWD Group LLC, 127 AD3d 433, 433 [2015]; compare Stevens v Hickey-Finn & Co., 261 AD2d 300, 301 [1999] [finding an issue of fact where the broker, in response to the plaintiff's request, undertook to estimate the replacement value of the property but did so negligently]). Moreover, plaintiffs' own submissions confirm that they did not rely on the expertise of defendants in assessing their insurance needs. Quite to the contrary, the evidence shows that plaintiffs were sophisticated consumers of insurance products who directly managed their insurance coverages (see Petri Baking Prods., Inc. v Hatch Leonard Naples, Inc., 151 AD3d 1902, 1904 [2017]; Trans High Corp. v Pollack Assoc., LLC, 74 AD3d 489, 489-490 [2010]; M & E Mfg. Co. v Frank H. Reis, Inc., 258 AD2d at 12-13]). The testimony of plaintiffs — who owned as many as 10 properties — revealed that they would secure appropriate coverages for their various properties as they deemed fit, at times rejecting defendants' advice and intentionally procuring insurance in an amount less than that recommended by defendants. With regard to the subject property, plaintiffs initially insured it for only 80% of the recommended coverage based [*3]upon their belief that defendants' recommendation was too high. They also disputed whether flood insurance was necessary for the subject property, eventually receiving a refund from defendants. Indeed, plaintiff Kenneth Hefty testified to the quantity of insurance coverage, per square foot, he thought was reasonable on the subject property considering the type of construction and renovations that plaintiffs had completed.
Although defendants handled nearly all of plaintiffs' insurance needs for over a decade, this alone is insufficient to raise an issue of fact as to a special relationship, especially given plaintiffs' history of rejecting defendants' professional recommendations and managing the specifics of their own insurance policies (see Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 158 [2006]; Murphy v Kuhn, 90 NY2d at 271-272; Kaufman v BWD Group LLC, 127 AD3d at 434). Thus, even viewing the evidence in the light most favorable to plaintiffs (see Newman v RCPI Landmark Props., LLC, 28 NY3d 1032, 1034 [2016]; Carroll v Rondout Yacht Basin, Inc., ___ AD3d ___, ___, 2018 NY Slip Op 04051, *2 [2018]), we find that the record in the instant case evinces nothing more than the standard consumer-insurance broker relationship (see Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d at 158; Murphy v Kuhn, 90 NY2d at 271; Moutafis Motors, Ltd. v MRW Group, Inc., 144 AD3d at 1002; Kaufman v BWD Group LLC, 127 AD3d at 434; Trans High Corp. v Pollack Assoc., LLC, 74 AD3d at 489-490; Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency, 297 AD2d 430, 431-432 [2002]; compare Voss v Netherlands Ins. Co., 22 NY3d at 735-736). Accordingly, Supreme Court properly granted defendants' motion for summary judgment and dismissed the complaint.
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.