Fernandez v Castillo (2018 NY Slip Op 07095)





Fernandez v Castillo


2018 NY Slip Op 07095


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-13022
 (Index No. 21219/12)

[*1]Jorge Castillo Fernandez, appellant, 
v
Juan Jose Castillo, respondent.


Peña & Kahn, PLLC, Bronx, NY (Diane Welch Bando of counsel), for appellant.
Malapero & Prisco, LLP, New York, NY (Jennine A. Gerrard and Michael Driscoll of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated November 1, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On October 23, 2011, the plaintiff agreed to help the defendant, his brother, remove a tree from the defendant's property. The parties decided that while the plaintiff would cut a particular branch with a chainsaw, the defendant would pull the branch away from his neighbor's property with a rope. After the plaintiff tied one end of the rope to the branch, the defendant tied the other end of the rope to the rear bumper of the plaintiff's truck. Once the plaintiff began cutting the branch, the defendant applied pressure to the rope. The plaintiff was struck and injured by the branch when it broke.
The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendant. Thereafter, the defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
"A landowner owes a duty to another on his [or her] land to keep it in a reasonably safe condition, considering all of the circumstances including the purpose of the person's presence and the likelihood of injury" (Macey v Truman, 70 NY2d 918, 919; see Basso v Miller, 40 NY2d 233, 241). "Where an injury results not from any unsafe condition defendant left uncorrected on his [or her] land, but as a direct result of the course plaintiff . . . decided to pursue . . . the law impose[s] no duty on defendant as landowner to protect plaintiff from the unfortunate consequences of his [or her] own actions'" (Marino v Bingler, 60 AD3d 645, 647, quoting Macey v Truman, 70 NY2d at 919; see Poole v Ogiejko, 62 AD3d 977, 977-978; Captanian v Schramm, 33 AD3d 834, 835). Thus, "in the absence of some showing that defendant's conduct . . . was causally related to the accident" (Macey v Truman, 70 NY2d at 919), the defendant cannot be held liable (see Garvin v Wojcik, 138 AD3d 1488, 1489).
Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law. The defendant's evidentiary submissions in support of his motion, including his own deposition testimony, revealed triable issues of fact as to the degree of his active participation in the planning and performance of the tree-cutting activity and whether his actions were causally related to the plaintiff's injuries (see Newman v RPCI Landmark Props, LLC, 28 NY3d 1032, 1034; Garvin v Wojcik, 138 AD3d at 1489; see generally Macey v Truman, 70 NY2d at 919).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court